UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EVANS J. CARTER AND BARBARA R. CARTER, Individually and on behalf Of Class Members<br><br>**Plaintiffs**<br><br>v.<br><br>DEPARTMENT STORES NATIONAL BANK, CITIBANK, N.A., BLOOMINGDALE'S, INC. AND FEDERATED DEPARTMENT STORES, INC.<br><br>**Defendants** | DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION MIDDLESEX SUPERIOR CT. C.A. NO. 2016-CV-591 |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF MASSACHUSETTS.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1331, 1332, 1441 and 1446, Defendant Bloomingdale's, Inc. and the defendant incorrectly named as "Federated Department Stores, Inc." ("Federated") (which no longer exists as a corporation - See Declaration of Linda J. Balicki, Exhibit A) hereby remove to this Court the above-entitled action based upon the following supporting grounds:

1.　On February 29, 2015, Plaintiffs Evans J. Carter and Barbara R. Carter ("Plaintiffs) filed a three-count Complaint and Request for Class Certification ("Complaint") asserting claims concerning alleged unfair trade practices with regard to their Bloomingdale's credit card. In Count I, Plaintiffs alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227(b), the Truth-in-Lending Act ("TILA"), 15 U.S.C. §1601, *et. seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et. seq.* In Count II, Plaintiffs alleged that Defendants

violated Massachusetts state law G.L. Chapter 93A, Section 9, based on the same purported facts set forth in Count I. In Count III, Plaintiffs seek certification of a class consisting of "all Massachusetts consumers who have credit card accounts with the defendants." See Exhibit C.

2. This Court has federal subject matter jurisdiction on Plaintiffs' TCPA, TILA, and FCRA claims pursuant to 28 U.S.C. §1331. Additionally, this Court has federal diversity jurisdiction on Plaintiff's putative class action under 28 U.S.C. §1332 and pursuant to the provisions of P.L. 109-2, the Class Action Fairness Act. This Court also has concurrent jurisdiction of Plaintiffs' state law claim. Removal of Plaintiffs' Complaint in its entirety is proper pursuant to 28 U.S.C. §§1441 and 1442.

### I. This Court has Original Jurisdiction over Plaintiffs' TCPA, TILA, and FCRA Claims, and Supplemental Jurisdiction over Plaintiffs' State Law Claim

3. This Court has jurisdiction of this case under 28 U.S.C. §1331 because Plaintiffs assert claims arising under the laws of the United States. Plaintiffs allege purported unfair practices with regard to their Bloomingdale's credit card under the TCPA, TILA, and FCRA, which are all federal statutes. Plaintiffs allege, *inter alia*, that Defendants permitted identity theft, provided incorrect information to credit reporting agencies, failed to protect Plaintiffs' personal information, failed to notify Plaintiffs of changes to their credit card maintenance, failed to notify Plaintiffs that Defendant Department Stores National Bank ("DSNB") was fined by the Consumer Financial Protection Bureau, failed to provide Plaintiffs an annual billing right notice, and generally violated the TCPA. (See Complaint Count I, ¶39 (a-o)). Each of these claims arises under the laws of the United States, which gives this Court jurisdiction under 28 U.S.C. §1331.

4. Plaintiffs' state law claim is likewise removable to this Court. In relevant part, 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts

of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (1994). Section 1441(c) provides that when a separate and independent claim or cause of action within the jurisdiction conferred by 28 U.S.C. § 1331 is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein. 28 U.S.C. §§ 1367(a) and 1441(c). Thus, if the Plaintiffs could have originally filed any of their claims in this court on the basis of §1331 federal question jurisdiction, then Defendants are permitted to remove the entire matter. Plaintiffs' state law claim under G.L. Chapter 93A is based on the same allegations as their TCPA, TILA, and FCRA claims. (See Complaint Count II, ¶40). Furthermore, claims under G.L. Chapter 93A can be decided by this Court because unfair practice claims brought under the statute are guided by interpretations of the Federal Trade Commission and Federal Courts. M.G.L. Ch. 93A, §2. Plaintiffs' state law claims do not raise novel or complex issues of state law or otherwise predominate Plaintiffs' TCPA, FCRA, or TILA claims under federal law. Therefore, this Court has jurisdiction over all of Plaintiffs' claims in Counts I and II.

## II. This Court has Diversity Jurisdiction Over Plaintiffs' Purported Class Action Claims

5. This Court has federal diversity jurisdiction over Plaintiffs' Complaint under 28 U.S.C. 1332(d) and the Class Action Fairness Act because (1) the putative class action consists of at least 100 proposed class members; (2) citizenship of at least one proposed class member is different from that of each Defendant; and (3) the matter in controversy, after aggregating the claims of the proposed class members, exceeds $5 million, exclusive of interest and costs. P.L. 109-2 §4(a).

6.  Plaintiffs bring this action on behalf of "all Massachusetts consumers who have credit card accounts with the defendants." (Complaint ¶41). Plaintiffs allege that "it is estimated that there are probably thousands of class members who were all consumers from Massachusetts." (Complaint ¶42). Accordingly, the requirement that the number of members in the putative class be 100 or more is satisfied. P.L. 109-2 §4(a)(5).

7.  The Complaint alleges that the named Plaintiffs are long-time citizens of the State of Massachusetts (Complaint ¶1); that the defendant, Department Stores National Bank ("DSNB") was established on October 24, 2005 as a federally chartered bank with its sole office located at 701 East 60th Street, Sioux Falls, South Dakota (Complaint ¶1); and that the defendant, Citibank, is a federally chartered bank with its executive offices located at 399 Park Avenue, New York, New York (Complaint ¶1).

8.  At all relevant times, defendant Bloomingdale's was a corporation existing under the laws of the State of Ohio. See Declaration of Linda J. Balicki, Exhibit A.

9.  Because there is diversity of citizenship between at least one proposed class member and defendants, the requisite diversity of citizenship is satisfied. U.S.C. 1332(d)(2); P.L. 109-2 §4(a)(5).

10. Plaintiffs, on their own behalf and on behalf of others similarly situated, seek, *inter alia*, 1) compensatory damages; 2) treble damages pursuant to the Federal Trade Commission statutes and regulations (i.e. the TCPA, FCRA, and TILA) and G.L. Chapter 93A; 3) their costs, expenses, attorneys' fees, and expert fees; and 4) other and further relief as the court may deem just and proper. (Complaint pg. 13). Plaintiffs assert that there are probably "thousands of class members" and would include "all Massachusetts consumers who have credit card accounts with the defendants." (Complaint ¶¶ 41 and 42). Given that the prospective class represents an

overwhelming number of consumers who have credit card accounts with Bloomingdale's, DSNB, Citibank, or Federated within an undefined period of time, it is clear that the aggregate claims of all class members as plead by Plaintiffs exceed $5 million, exclusive of interest and costs. For example, Plaintiffs value their own individual claim at $25,000 (Complaint, Exhibit 13). Assuming the purported class would only be 1,000 people, the requisite amount in controversy would be $25 million. While Defendants do not concede that Plaintiffs or any of the proposed class members would be entitled to such relief or any of the relief they seek in the Complaint, the amount in controversy for federal diversity jurisdiction, pursuant to 28 U.S.C. §§1332(d) and P.L. 109-2, is satisfied.

### III. Defendants have Satisfied the Procedural and Venue Requirements for Removal

11.  Defendant Bloomingdale's, Inc. was served a copy of Plaintiffs' Complaint on March 2, 2016. This notice of removal is within thirty (30) days of service and is therefore timely under 28 U.S.C. §1446(b). Defendants DSNB and Citibank, N.A. have consented to this Request. See, Consent to Removal, Exhibit B.

12.  The Middlesex County Superior Court, Massachusetts is located within the District Court of Massachusetts. Venue for this action is proper in this Court under 28 U.S.C. §1441(a) because this Court is the "district and division embracing the place where such action is pending."

13.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" are attached as Exhibit C.  No further proceedings have been had therein, and Defendants have not filed their responses to Plaintiffs' Complaint.

14. Defendants will file a Notice of Filing of Removal of Action to Federal Court and a copy of this Notice of Removal with the Clerk, Superior Court for Middlesex County, pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit D.

15. Defendants will serve written Notice to Counsel of Removal of Action to Federal Court, and copies of this Notice of Removal on Plaintiffs pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit E.

16. Pursuant to Rule 81.1 of the Local Rules of the United States District Court for the District of Massachusetts, Defendants will, within twenty-eight (28) days after filing this Notice of Removal, file certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries in the State Court.

17. By virtue of this Notice of Removal of Action and the Notice filed in the underlying action, Defendants do not waive their rights to assert any personal jurisdictional defense or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

**IV.   The Defendant incorrectly named "Federated Department Stores, Inc." is no longer a corporation as alleged in the Plaintiffs' Complaint.**

18. Federated Department Stores, Inc. changed its name to Macy's, Inc. on June 1, 2007. See Declaration of Linda J. Balicki, Exhibit A. Federated Department Stores, Inc. is therefore no longer a corporation as alleged in the Plaintiff's Complaint.

WHEREFORE, Defendants hereby remove this action from the Middlesex County Superior Court to the United States District Court for the District of Massachusetts.

Respectfully submitted,
**BLOOMINGDALE'S INC.**
By its attorneys

*/s/ David W. Zizik*
David W. Zizik, BBO# (540780)
Zizik Professional Corporation
960 Turnpike Street, Suite 3C
Canton, MA 02021
P: (781) 320-5401; F: (781) 658-2532
E-mail: dzizik@ziziklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants.

*/s/ David W. Zizik*