UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EVANS J. CARTER AND BARBARA R. CARTER, Individually and on behalf Of Class Members, | ) ) ) ) | |
| **Plaintiffs** | ) ) | |
| v. | ) ) | C.A. No. 1:16-cv-10612-FDS |
| DEPARTMENT STORES NATIONAL BANK, CITIBANK, N.A., BLOOMINGDALE'S, INC. AND FEDERATED DEPARTMENT STORES, INC., | ) ) ) ) ) ) | |
| **Defendants** | ) | |

### DEFENDANT BLOOMINGDALE'S, INC.'S, ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Bloomingdale's, Inc., (hereinafter referred to as "Bloomingdale's" or "this defendant"), responds as follows to the allegations of the Plaintiffs' Complaint:

### I. INTRODUCTION

This defendant neither admits nor denies the allegations contained in the "Introduction" of Plaintiffs' Complaint. To the extent that any of said allegations are intended or deemed to allege that this Defendant violated any legal duty to the Plaintiffs, denied.

### II. PARTIES

1.  This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2.  This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4. This defendant denies Paragraph 4 of the Complaint.

5. This defendant denies that Federated owns 100% of Bloomingdale's and admits the remaining allegations of Paragraph 5 of the Complaint.

### III. FACTUAL ALLEGATIONS

6. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10. This defendant denies the authenticity of Exhibit 5 and therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12. This defendant denies the authenticity of Exhibit 7 and therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13. Defendant admits the authenticity of Exhibit 8 but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Complaint.

14. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15. Defendant admits the authenticity of Exhibit 10.

16. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint.

17. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint.

18. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

20. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint.

21. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint.

23. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.

25. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint.

26. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint.

27. Defendant admits the authenticity of Exhibit 15.

28. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint.

29. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint.

30. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint.

31. Defendant admits the authenticity of Exhibit 19.

32. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint.

33. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint.

34. Defendant admits the authenticity of Exhibit 22.

35. Defendant admits the authenticity of Exhibit 23.

36. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint.

37. Defendant admits the authenticity of Exhibit 25.

## IV. CAUSE OF ACTION

### COUNT I
**(Breach of contract and the Covenant of Good Faith and Fair Dealing)**

This defendant restates all of its responses contained in Paragraphs 1-37, inclusive, of its Answer and incorporates same by reference herein.

38. This defendant denies the allegations of Paragraph 38 of the Complaint.

39. This defendant denies the allegations of Paragraph 39 of the Complaint.

### COUNT II
**(Violation of G.L. Chapter 93A)**

This defendant restates all of its responses contained in Paragraphs 1-39, inclusive, of its Answer and incorporates same by reference herein.

40. This defendant denies the allegations of Paragraph 40 of the Complaint.

### COUNT III
**(Class Action Certification)**

This defendant restates all of its responses contained in Paragraphs 1-40, inclusive, of its Answer and incorporates same by reference herein.

41. This defendant denies the allegations of Paragraph 41 of the Complaint.

42. This defendant denies the allegations of Paragraph 42 of the Complaint.

43. This defendant denies the allegations of Paragraph 43 of the Complaint.

44. This defendant denies the allegations of Paragraph 44 of the Complaint.

45. This defendant denies the allegations of Paragraph 45 of the Complaint.

46. This defendant denies the allegations of Paragraph 46 of the Complaint.

47. This defendant denies the allegations of Paragraph 47 of the Complaint.

48. This defendant denies the allegations of Paragraph 48 of the Complaint.

49. This defendant denies the allegations of Paragraph 49 of the Complaint.

50. This defendant denies the allegations of Paragraph 50 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs under the TCPA are barred because Plaintiffs provided prior express consent to be called.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs have suffered any damages as a result of any alleged act or omission of Bloomingdale's, which Bloomingdale's denies, Bloomingdale's did not do so willingly or knowingly.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to avoid or mitigate their damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by and/or because of waiver, estoppel, unclean hands, unjust enrichment, laches and principles of equity.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Plaintiffs' failure to join an indispensable party.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges there is a defect or misjoinder of parties and that Plaintiffs have failed to join indispensable parties.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the imposition on Bloomingdale's of the damages authorized by the TCPA would violate the Due Process Clause of the U.S. Constitution.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they suffered no damages in that their privacy was not infringed upon in connection with any alleged calls and Plaintiffs were not charged for any alleged calls.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were not caused by Bloomingdale's, but by another person or entity for whom Bloomingdale's is not responsible and over whose activities Bloomingdale's exercises no control and/or has no right to control.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Bloomingdale's did not use an automatic telephone dialing system as defined under the TCPA.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs would be unjustly enriched by any recovery from Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Bloomingdale's reserves the right to assert any other affirmative defense(s) that may become evident through investigation or discovery.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs' claims for damages are barred in whole or in part because, to the extent that they suffered any symptoms of mental or emotional distress or injury,

it was the result of pre-existing conditions or alternative concurrent causes, and not the result of any conduct of Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant reserves any and all of its rights to assert any personal jurisdictional defense or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

WHEREFORE, Defendant respectfully requests that this Court enter judgment against Plaintiffs and in favor of Bloomingdale's, dismiss the action with prejudice, award Bloomingdale's its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

### JURY DEMAND

DEFENDANT CLAIMS A TRIAL BY JURY TO THE FULLEST EXTENT ALLOWED BY LAW.

Respectfully submitted,
**BLOOMINGDALE'S, INC.**
By its attorneys,

*/s/ David W. Zizik*
David W. Zizik (BBO #540780)
Zizik Professional Corporation
960 Turnpike Street, Suite 3C
Canton, MA 02021
Phone: (781) 320-5401
Facsimile: (781) 658-2532
E-mail: dzizik@ziziklaw.com

Dated: April 5, 2016

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants on April 5, 2016.

                                                                               */s/ David W. Zizik*